IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WAYNE JOHNSON,<br>    **Plaintiff,**<br><br>v.<br><br>DR. SCHNEIDER, JANE DOE, DR. JOHN DOE, DR. HAQUE, WARDEN MAY, NURSE ROBINSON, NURSE BYRD, NURSE MARINHO, CORRECTIONAL OFFICER KEYS, DENTAL ASSISTANT HOLLY, MAJOR BELLOS, CORIZON, and DR. JANE DOE,<br>    **Defendants.** | CIVIL ACTION<br><br><br><br>NO. 19-415 |

## MEMORANDUM OPINION

This is a deliberate indifference suit brought pursuant to 42 U.S.C. § 1983 for Eight Amendment violations by Wayne Johnson against a bevy of dental and medical providers who treated him during his incarceration at the Curran Fromhold Correctional Facility ("CFCF"). The gravamen of Johnson's Complaint, as amended following the appointment of counsel, is that CFCF personnel botched the extraction of several of teeth, causing him severe pain and distress. Presently pending are Defendants Sherri Lynn Schneider, Mohammed Haque, and Emmanuel Marinho's respective motions for summary judgment, pursuant to Federal Rule of Civil Procedure 56. For the reasons that follow, these motions will be granted.

A party is entitled to summary judgment if it shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine issue is present when a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the non-moving party in light of his burden of proof." *Doe v. Abington Friends Sch.*, 480 F.3d 252, 256 (3d Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-26 (1986); *Anderson*, 477 U.S. at 248-52). "Inferences to be drawn from the

underlying facts contained in the evidential sources must be viewed in the light most favorable to the party opposing the motion." *Peters Twp. Sch. Dist. v. Hartford Acc. & Indem. Co.*, 833 F.2d 32, 34 (3d Cir. 1987). "The non-moving party may not merely deny the allegations in the moving party's pleadings; instead he must show where in the record there exists a genuine dispute over a material fact." *Id.* (citation omitted). A moving party is entitled to judgment as a matter of law where the "nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex*, 477 U.S. at 323.

As noted, Johnson alleges that Defendants Schneider, Haque, and Marinho—a CFCF dentist, physician, and nurse, respectively—were deliberately indifferent to his medical needs during his incarceration, resulting in the botched extraction of several teeth.[1] The government has an "obligation to provide medical care for those it is punishing by incarceration," and so "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976) (citation omitted). Yet even in light of this duty, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106; *see also Durmer v. O'Carroll*, 991 F.2d 64, 67 (3d Cir. 1993) ("[T]he law is clear that simple medical malpractice is insufficient to

---

[1] Johnson's Amended Complaint alleges medical negligence as well, but that claim was previously dismissed without prejudice against Dr. Schneider and has not been refiled. *See* ECF No. 101. Dr. Haque and Nurse Marinho argue that the medical negligence claims against them should be dismissed too, noting that Johnson never filed the certificate of merit required by Pa. R. Civ. P. 1042.3. *See Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 265 (3d Cir. 2011) ("Pennsylvania Rule 1042.3, mandating a certificate of merit in professional negligence claims, is substantive law under the *Erie* Rule and must be applied as such by federal courts."). Johnson offers no response to this argument, so his medical malpractice claim against them will be dismissed. *See* E.D. Pa. Loc. Civ. R. 7.1(c) ("In the absence of a timely response, the motion may be granted as uncontested.").

2

present a constitutional violation.").

In this matter, the evidence adduced during discovery shows that in early 2017, Johnson began to complaint of tooth pain and, following an initial examination, was scheduled to have two teeth removed.  Two dentists, one of whom was Dr. Schneider, subsequently attempted to extract the teeth, but abandoned their efforts after reporting that they were unable to fully numb the area using local anesthetics.  They proscribed Johnson antibiotics and referred him to an oral surgeon.  In the meantime, Johnson's pain increased, and he was eventually examined by a CFCF physician, Dr. Haque, who proscribed him painkillers.  He was ultimately seen by the oral surgeon the following month, who successfully extracted the two teeth.

Based on this record, no reasonable factfinder could conclude that the Defendants acted with deliberate indifference towards Johnson's medical needs.  Even assuming his dental pain was sufficiently "serious," an Eighth Amendment claim requires a showing of subjective indifference to that condition, such as "knowledge of the need for medical care is accompanied by the intentional refusal to provide that care" or evidence that "necessary medical treatment [was] delayed for non-medical reasons."  *Durmer*, 991 F.2d at 68 (quoting *Monmouth Cnty Correctional Inst. Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987) (cleaned up)); *see also Farmer v. Brennen*, 511 U.S. 825, 837 (1994) (a deliberate indifference claim requires evidence that "the official knows of and disregards an excessive risk to inmate health or safety").  The summary judgment record here contains no such evidence.  At most, a reasonable jury might conclude that Dr. Schneider failed to consult Johnson's prior treatment records before attempting the dental extraction, and as a result was unaware of an infection that might hamper her attempt to extract the teeth.  But Johnson offers no explanation for why—assuming that such an oversight occurred—it constituted anything more than medical negligence.  Even his own expert

would only opine that Dr. Schneider's actions fell below "good and accepted dental practice"—in other words, that she was negligent. This is simply not enough to make out a claim for deliberate indifference: "medical negligence without accompanying deliberate indifference does not rise to the level of a constitutional violation." *Ryle v. Fuh*, 820 F. App'x 121, 123 (3d Cir. 2020).

The same is true of Dr. Haque and Nurse Marinho. By Johnson's own description, neither defendant was involved in the allegedly botched dental care; their only role appears to have been provisioning him with the painkillers that he sought out. Even if the drugs they provided Johnson were inadequate—something his expert did not opine on—this again falls well short of making out a triable issue of fact on his claim of deliberate indifference.[2] As a result, Defendants' motions will be granted, and Johnson's deliberate indifference claims will be dismissed.

The only individual defendants remaining in this action (each of whom is sued for medical negligence) are several John and Jane Doe defendants and three medical providers that Johnson's Amended Complaint identifies only as "Nurse Robinson," "Nurse Byrd," and "Dental Assistant Holly." As to the former group, "fictitious parties must eventually be dismissed, if discovery yields no identities." *Scheetz v. Morning Call, Inc.*, 130 F.R.D. 34, 37 (E.D. Pa. 1990); *see also Francis ex rel. Estate of Francis v. Northumberland Cnty.*, 636 F.Supp.2d 368, 398 (M.D. Pa. 2009) ("[A]bsent compelling reasons, district courts may dismiss John Doe

---

[2] In his opposition to the motion for summary judgment, Johnson suggests that Dr. Haque is vicariously liable for the botched extraction performed by Dr. Schneider because he "was the Medical Director of CFCF and is responsible for the overall delivery of medical care at CFCF." But Johnson brought his deliberate indifference claim pursuant to 42 U.S.C. § 1983, and under that statute, "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Plaintiffs must instead demonstrate "that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* And in any event, Johnson has failed to establish a triable question of fact regarding Dr. Schneider's deliberate indifference, for the reasons discussed above.

defendants when the plaintiff, after being granted a reasonable period of discovery, fails to identify them."). Because discovery is now closed, and Johnson has not sought leave to amend his Complaint to identify these John and Jane Doe defendants, his claims against them will be dismissed. For much the same reason, Johnson's claims against the partially identified providers will be dismissed as well. Though he alleges that "Nurse Robinson," "Nurse Byrd," and "Dental Assistant Holly" were employed by CFCF, discovery is now complete, and Johnson has not sought leave to amend his Complaint to properly identify these defendants and ensure their participation in this litigation.

    An appropriate order follows.

**BY THE COURT:**

**/S/WENDY BEETLESTONE, J.**

_____

**WENDY BEETLESTONE, J.**